**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

JUSTIN MCCLAIN,                                        CASE NO.:

      Plaintiff,

v.

ULTIMATE TOWING OF
GAINESVILLE, INC.
a Florida Corporation, and
STEPHEN J. O'GRADY,

      Defendants.

_____ /

## COMPLAINT

1.      Plaintiff, JUSTIN MCCLAIN ("Plaintiff"), was an employee of Defendants, ULTIMATE TOWING OF GAINESVILLE, INC. and STEPHEN J. O'GRADY ("Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2.      Plaintiff was a non-exempt tow truck driver performing such work for Defendants in Alachua County, Florida.

3.      Plaintiff was an employee of Defendants and operated a tow truck for Defendants solely within Florida.

4.      STEPHEN J. O'GRADY was at all times relevant the president of ULTIMATE TOWING OF GAINESVILLE, INC.

5.     STEPHEN J. O'GRADY exercised managerial control over of ULTIMATE TOWING OF GAINESVILLE, INC. and ran its day-to-day operations. Alternatively, or in addition thereto, he directly participated in hiring, firing, employee compensation decisions, and other work issues of Plaintiff.

6.     Defendants are within the jurisdiction of this Court.

7.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201et seq.

9.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

10.     Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic

transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11.     Defendants' annual gross revenues are believed to be in excess of $500,000.00 during the time Plaintiff worked for them.

12.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the custody of Defendants.

13.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201- 209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

14.     During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

15.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## RECOVERY OF OVERTIME COMPENSATION

16.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17.     Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

18.     During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

19.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

20.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief

that this Court determines to be just and appropriate.

January 26, 2017

By /s/ Michael Massey
    Michael Massey
    Massey & Duffy
    855 E. Univ. Avenue
    Gainesville, Florida 32601
    FBN 153680