# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

JUSTIN MCCLAIN,

    *Plaintiff*,

v.                                    Case No. 1:17cv14-MW/GRJ

ULTIMATE TOWING OF
GAINESVILLE, INC., and
STEPHEN J. O'GRADY,

    *Defendants.*

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff sues to recover overtime compensation pursuant to 29 U.S.C. § 207. ECF No. 1. Defendants move for summary judgment, arguing that (1) Plaintiff is not entitled to overtime compensation because he falls under the Motor Carrier Act ("MCA") exemption to the FLSA, (2) Plaintiff is judicially estopped from bringing his FLSA claim because of representations he made in a separate state court proceeding, (3) the statute of limitations for Plaintiff's claim should be limited to two years because Defendants' actions were not willful, and (4) Plaintiff is not entitled to liquidated damages because Defendants acted with good faith. ECF No. 23. Because

1

genuine issues of material fact exist and/or because Defendants' arguments are without merit, Defendants' motion for summary judgment, ECF No. 23, is **DENIED**.

## I. *MCA Exemption*

The FLSA requires employers to pay employees a higher rate of pay for overtime hours. *See* 29 U.S.C. § 207(a)(1). However, several classes of employees are exempted from this requirement. *Id.* § 213(b). According to Defendants, Plaintiff is not entitled to overtime compensation because he falls under the MCA exemption, which exempts employees covered by the Motor Carrier Act. ECF No. 23, at 8–9 (citing 29 U.S.C. § 213(b)(1)).

Plaintiff responds by pointing out the small-vehicle exception to the MCA exemption. *See* ECF No. 26, at 5. That exception provides that an employee will be subject to the overtime compensation requirements, notwithstanding the MCA exemption, as long as certain conditions are met. *See Crookston v. Doctor's, Inc.*, No. 16-2071-JTM, 2017 WL 2439374, at *2 (D. Kan. June 6, 2017). One of the relevant conditions is that the employee "performs duties on motor vehicles weighing 10,000 pounds or less." *Id.*; *see also* 29 U.S.C. § 207 note (Applicability of Fair Labor Standards Act Requirements and Limitation on Liability).

Here, the parties dispute whether Plaintiff drove vehicles weighing 10,000 pounds or less. Specifically, Plaintiff argues that the tow trucks he drove for Defendants weighed less than 10,000 pounds. ECF No. 26, at 5–9. As support, he cites to his own sworn affidavit along with pictures and manufacturer specifications of the vehicles he allegedly drove. ECF No. 25-1. Contrarily, Defendants argue that all of the tow trucks it had "in service . . . during Plaintiff's employment weighed well in excess of 10,000 lbs." ECF No. 29, at 4. As support, Defendants cite to Defendant Stephen J. O'Grady's sworn affidavit along with manufacturer specifications of the vehicles Defendants allegedly owned. ECF No. 29-1.

Accordingly, the parties have a genuine dispute about a material fact. Resolving that dispute would require credibility determinations, which are "impermissible" at the summary judgment stage of a case, *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1266 n.1 (11th Cir. 2006). As such, Defendants are not entitled to summary judgment on the basis of their MCA exemption argument.

## II. *Judicial Estoppel*

Judicial estoppel is an equitable doctrine that provides that "a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). According to Defendants, Plaintiff is judicially estopped from bringing his FLSA claim against them because of a representation he made in an unrelated state court case. ECF No. 23, at 21–24. Specifically, Defendants note that Plaintiff "submitted a sworn affidavit attesting to his insolvency" as part of an application for criminal indigent status. *Id.* at 23.

First of all, Plaintiff's attestation of insolvency is not inconsistent with his present claim for overtime compensation. The mere fact that he has a chance of winning this case and receiving an award of damages does not necessarily mean that he is solvent. However, even if Plaintiff's positions were inconsistent, judicial estoppel would still be improper. For judicial estoppel to apply it must be shown that Plaintiff's inconsistencies were "calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285. The only mockery here is Defendants' assertion that judicial estoppel should apply under these facts.

4

### III. *Statute of Limitations*

Defendants argue that the statute of limitations on Plaintiff's FLSA claim should be limited to two years. ECF No. 23, at 24–26. In other words, Defendants want to limit how far back Plaintiff can go in his claim for overtime compensation. The applicable statute provides that the limitations period is two years unless the cause of action arises out of a "willful violation," in which case the limitations period is three years. 29 U.S.C. § 255(a). Plaintiff bears the burden of proving a willful violation. *See, e.g.*, *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009).

Some district courts have held that "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition." *E.g.*, *Morrison v. Quality Transps. Servs., Inc.*, 474 F. Supp. 2d 1303, 1313 (S.D. Fla. 2007). However, the Eleventh Circuit has never held as much. *Cf. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 n.3 (11th Cir. 2008) ("We have been unable to find an FLSA decision of this Court squarely holding that the decision about whether the employer acted willfully for purposes of determining the statute of limitations period is to be decided by the jury."). Indeed, if a Plaintiff presented no evidence on the issue of willfulness then

5

summary judgment would likely be proper. Nevertheless, this Court is reluctant to resolve the issue of willfulness at this stage. Accordingly, Defendants motion for summary judgment on the issue of willfulness is denied without prejudice to Defendants raising the issue in a Rule 50 motion for judgment as a matter of law.

### IV. *Good Faith*

An employer who violates the FLSA's overtime compensation requirements is liable to the employee for the amount of the employee's unpaid compensation and for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, if the employer shows that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages." *Id.* § 260. Defendants argue that no liquidated damages should be awarded in this case because they relied in good faith on a prior determination of the Department of Labor that Defendants' predecessor company was not required to pay overtime compensation. ECF No. 23, at 26–27.

Defendants' argument is premature; "[o]nly after a finding of liability has been reached does the Court reach the issue of liquidated damages." *Prickett v. DeKalb Cty.*, 276 F. Supp. 2d 1265, 1271 (N.D. Ga. 2003), *vacated in part on other grounds*, 349 F.3d 1294 (11th Cir. 2003); *cf. also Perez v. Bland Farms Prod. & Packing, LLC*, No. CV 614-053, 2016 WL 1070842, at *7 (S.D. Ga. Mar. 16, 2016) (finding it "inappropriate" to rule on the issue of good faith at summary judgment, "especially considering the discretionary nature of the defense"). Therefore, this Court will refrain from addressing the issue at this time.

## V. *Conclusion*

Defendants' arguments for summary judgment are without merit and/or are precluded by genuine issues of material fact.

Accordingly,

**IT IS ORDERED:**

Defendants' motion for summary judgment, ECF No. 23, is **DENIED**.

**SO ORDERED on September 15, 2017.**

          s/Mark E. Walker   
          **United States District Judge**